**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **WALTER SERRANO, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | CIVIL ACTION NO. : 1:25-CV-63 |
| **OVERLAND CONTRACTING INC.,** | § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE AND CLASS ACTION & JURY DEMAND**

1. Defendant Overland Contracting Inc. ("Defendant") required Plaintiff Walter Serrano ("Plaintiff") to work more than forty hours in a workweek without his complete overtime compensation. Defendant underpaid Plaintiff and other similarly situated workers in Georgia proper overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3. Defendant's non-payment of wages for all hours worked also gives rise to a claim for breach of contract under Georgia state law. Pursuant to Federal Rule of Civil Procedure 23,

Plaintiff asserts a claim for breach of contract on behalf all similarly situated employees that worked for Defendant in Georgia in the last four years.

## SUBJECT MATTER JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District. Specifically, the project where Plaintiff and the FLSA Class Members worked for Defendant is located in Lee County, Georgia.

## PARTIES AND PERSONAL JURISDICTION

6.  Plaintiff Walter Serrano is an individual residing in Sumter County, Georgia. Plaintiff's written consent to this action is attached hereto as Exhibit A. Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

7.  The FLSA Class Members are all current and former hourly paid construction workers, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

8.  The Georgia Class Members are all current and former hourly paid construction workers, and all employees in substantially similar positions, that worked at any time during the four-year period before the filing of this Complaint

9. Defendant Overland Contracting Inc. is a corporation organized under the laws of Delaware. Defendant may be served process through its registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

14. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

15. Defendant Overland Contracting Inc. is a construction service contractor that builds infrastructure projects across the country.

16. To complete the work on its construction contracts, Defendant hires construction workers like Plaintiff Serrano, the FLSA Class Members, and Georgia Class Members.

17. In February of 2022, Defendant's parent company announced that it had been selected by Silicon Ranch Corporation to build solar farm in DeSoto, Georgia.

18. To build the solar farm, Defendant hired over a hundred hourly paid construction workers like Plaintiff and FLSA Class Members.

19. Plaintiff worked for Defendant on the DeSoto solar farm as a construction worker from approximately September of 2022 to September of 2023.

20. Construction on the solar farm was governed by a tight schedule that required completion on construction benchmarks in set timeframes.

21. To meet the required construction schedule, Defendant required its construction workers to labor hours well in excess of a standard 40 hour week.

22. Defendant's scheduled Plaintiff to work between 58 to 60 hours most weeks.

23. Defendant paid Plaintiff between $20 and $30 per hour across the tenure of his employment.

24. However, Defendant failed to pay Plaintiff the entirety of his overtime compensation.

25. A non-exempt employee working 58 to 60 hours a week should receive 18 to 20 hours of overtime paid at one and one half times his regular hourly rate.

26. However, instead of paying Plaintiff for all his overtime, Defendant typically paid Plaintiff for only 8 hours or less of overtime during a week.

27. Plaintiff complained frequently about the shortage in his compensation but Defendant failed to remedy the issue.

28. Other construction workers at the DeSoto solar farm had the same problems with their compensation.

29. Like Plaintiff, the FLSA Class Members and Georgia Class Members were hourly paid non-exempt construction workers that worked a schedule similar to Plaintiff.

30. As with Plaintiff, Defendant failed to pay the proper amount of overtime to the FLSA Class Members and Georgia Class Members because Defendant failed to pay for all the overtime hours the FLSA Class Members and Georgia Class Members worked.

31. Plaintiff has personal knowledge that Defendant underpaid the FLSA Class Members and Georgia Class Members because it was a subject of common complaint at the job site.

32. No exemption in the FLSA law shelters Defendant from paying overtime to its hourly construction workers.

33. Hourly construction workers do not supervise other employees or manage a customarily recognized department of Defendant's company.

34. Hourly construction workers have no authority to hire or fire other employees.

35. As a result of Defendant's pay policies, Plaintiff and other Hourly construction workers were denied overtime pay.

36. Defendant knew or showed reckless disregard for whether Plaintiff and the other grant accountants were entitled to overtime pay under the law.

37. Defendant knew Plaintiff and the FLSA Class Members and Georgia Class Members were its employees.

38. Defendant knew it was subject to the FLSA's overtime provisions.

39. Defendant knew the FLSA required it to pay non-exempt employees, including Plaintiff and the FLSA Class Members, overtime wages of at least 1.5 times their regular hourly rate for every hour they actually worked in excess of 40 hours in a week.

40. Defendant knew Plaintiff and the FLSA Class Members and Georgia Class Members worked more than 40 hours in at least one workweek during the last 3 years because those employees were required to report their time via Defendant's time keeping procedures.

41. Defendant knew Plaintiff and the FLSA Class Members and Georgia Class Members were non-exempt employees entitled to overtime pay.

42. At all times relevant to this action, Defendant had a contract with Plaintiff the Georgia Class Members to pay them for each hour they worked at a pre-established (contractual) hourly rate.

43. Each Class member's contractual hourly rate is identified in an offer letter, paystubs and/or other records that Defendant prepared and maintains as part of its regular business activities.

44. The Georgia Class Members performed under the contract by doing their jobs and carrying out the work they were assigned each shift including the unpaid work that Defendant required of them.

45. By not paying Plaintiff and the Georgia Clas Members within the proposed Class the agreed upon hourly wage for the time Defendant recorded but chose to exclude from employees' compensable time, Defendant systematically breached its contracts its employees.

46. Remedies under the FLSA for these Plaintiffs and the Georgia Class Members are inadequate during workweeks with total hours under 40 as Defendant agreed to pay an hourly rate more than the federally mandated minimum wage of $7.25 per hour (i.e., pure "gap time" claims).

47. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and the Georgia Class Members have been damaged, in an amount to be determined at trial.

48. These claims are appropriate for class certification under Rules 23(b)(2) and (b)(3) because the facts giving rise to the alleged breaches and the contractual law to be applied are the same for all Class members, the common questions of law and fact predominate over any question affecting only individuals and a Class Action is the best way to fairly and efficiently adjudicate the controversy.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

49. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

50. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

### COUNT TWO: BREACH OF CONTRACT

52. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

53. Plaintiff entered into an enforceable contract with Defendant agreed to pay him his hourly rate for all hours worked.

54. Defendant breached this contract by failing to pay him for the actual number of hours he worked each week.

55. By failing to pay Plaintiff his agreed hourly rate, Defendant systematically breached its contract with Plaintiff.

### COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

57. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

58. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other hourly construction workers under the same compensation structure for Defendant at the same jobsite for Defendant.

59. Other workers similarly situated to the Plaintiff worked for Defendant but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

60. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

61. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

62. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

63. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and/or the denial of overtime pay.

64. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

65. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

66. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

67. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

68. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

69. Defendant's conduct was willful and/or with reckless disregard of the FLSA.

70. Defendant did not act in good faith.

71. Simply put, Defendant did not want to pay for all hours it made the Plaintiff and Class Members work. Accordingly, such intentional disregard for the law is a willful violation which should afford the Plaintiff and Class Members tolling of the statute of limitations from today on forward.

72. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former hourly paid construction workers at the DeSoto solar farm, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## CLASS ACTION ALLEGATIONS

73. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

74. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on their own behalf and on behalf of all similarly situated individuals who are current and former employees of Defendant in the previous four years based on a four-year statute of limitation for breach of contract in Georgia.

75. The proposed Rule 23 Class is defined as:

> All persons who worked for Defendant as hourly paid construction workers at any time within four years prior to the commencement of this action, and who were not paid all wages earned for hours worked (the "Georgia Class Members").

76. The Georgia Class Members are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed at least 100 hourly paid construction workers during the class period.

77. There is a well-defined community of interest among the Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Class.

78. These common legal and factual questions, include, but are not limited to:

   (a) Whether the time construction workers spent working within a workday is compensable;

   (b) Whether the unpaid time construction workers worked within the proposed Class spent at Defendant's workplace is compensable;

   (c) The data necessary and formula to calculate the damages for each member of the proposed Class;

   (d) Whether Defendant's non-payment of wages for all

compensable time amounted to a breach of contract;

79. Plaintiff's claims are typical of those of the Class in that he and all other Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Class members' claims and their legal theories are based on the legal theories are the same among Class members.

80. Plaintiffs fairly and adequately represent the interests of the Class, will be able to continue doing so, and have retained counsel experienced in wage and hour and class litigation.

81. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Class.

82. The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

83. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for some individuals along with the fear of reprisal. Prosecution of this case as a Class action will also eliminate the possibility of duplicative lawsuits being filed in both state and federal courts.

84. This case will be manageable as a Class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

85. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct.

1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

86. Because Defendant acted and refused to act in ways that apply generally to the Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate

## JURY DEMAND

87. Plaintiff demands trial by jury on all issues.

## PRAYER

88. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all grant accountants and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order certifying this case as a class action under Rule 23 with respect to Plaintiff's breach of contract claim;

   c. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   d. A judgment against Defendant declaring Defendant breached its contract with Plaintiff and the Georgia Class Members awarding compensatory damages;

   e. An order awarding attorneys' fees and costs; and,

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Georgia Bar No. 278873
4151 Southwest Freeway, Suite 515
Houston, Texas 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY FOR PLAINTIFF