IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WALTER SERRANO *et al.*, :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>OVERLAND CONTRACTING, INC., :<br>:<br>Defendant. :<br>: | CASE NO.: 1:25-CV-63 (WLS) |

## ORDER

The Parties jointly move for Approval of Settlement Agreement and to Dismiss with Prejudice (Doc. 16). For the following reasons, the Motion is **GRANTED**.

### I.     BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case against Overland Contracting, Inc., a construction service contractor that builds infrastructure projects throughout the country. (Doc. 1 ¶ 15). Walter Serrano, a former employee of Overland Contracting, filed the Complaint (Doc. 1) in April 2025. He alleges that Overland violated the FLSA by failing to pay him and other similarly situated employees overtime rates for overtime work. (*Id.* ¶ 2). Serrano brings a putative FLSA collective action and Georgia state breach of contract claim seeking unpaid overtime compensation, liquidated damages, compensatory damages, and attorney fees and costs. (*Id.*)

Since the lawsuit was filed, no other Plaintiffs have opted in to the lawsuit. While Serrano, in his prayer for relief asked the Court to designate the class as a collective action, he never so moved and the Court never certified the collective. (*Id.* ¶ 88).

The Court now considers the Parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice in accordance with FLSA.

## II.   ANALYSIS

The FLSA protects workers from substandard wages and oppressive work hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). When an employee sues privately for back wages under FLSA and settles, a district court can approve that settlement only after scrutinizing its fairness. *Id.* at 1353. Courts should approve if the settlement agreement promotes the Court's general policy of encouraging the settlement of litigation. *Id.* at 1354.

To determine whether a settlement is fair, the Court considers: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of Plaintiff's success; (5) scope of possible recovery; and (6) Counsel's opinions. *Leverso v. SouthTrust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1530–31 n.6 (11th Cir. 1994).[1] In addition to evaluating the settlement agreement as it pertains to the existing claims, FLSA also requires judicial review of the reasonableness of counsel's legal fees to assure that counsel is compensated adequately and there is no conflict of interest tainting the amount the wronged employee recovers. 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985).

### A.  The Settlement Agreement

The Court finds there was neither fraud nor collusion. "There is a presumption of good faith in the negotiation process . . . [w]here the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion . . . Further, where the case proceeds adversarially, this counsels against a finding of collusion. *See CHIS, LLC v. Peerless Indem. Ins. Co.*, No. 5:14-CV-277, 2016 WL 9185305, at *3 (M.D. Ga. Nov. 17, 2016); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014).

Party representations indicate the absence of fraud and collusion. The Parties here negotiated "at arm's length and in good faith." (Doc. 16 ¶ 6). "After exchanging information regarding Plaintiff's work for Defendant, the Parties engaged in settlement negotiations."

---

[1] The Eleventh Circuit in *Leverso* did not state that district courts must apply these six factors. Rather, the Court said, "the district court was required to determine that [the FLSA settlement agreement] was fair, adequate, reasonable, and not the product of collusion" and "thoroughly" did so by applying these six factors. Because the Court agrees the six factors are useful in making its fairness decision, it uses them here.

(Doc. 16 at 4). Serrano "was represented by competent counsel with experience in employment law, and Defendant also has been represented by experienced counsel." (*Id.* at 5). The presence of experienced counsel promotes the adversarial process and ensures both Parties were adequately represented. Therefore, the Court finds there was neither fraud nor collusion.

The complexity, expense, and likely duration of the litigation counsel toward approving the settlement agreement. There would be "uncertainties and costs of dispositive motions and trial" if this case did not settle. (Doc. 16 at 4). Under the settlement agreement, Serrano will receive "a recovery acceptable to him (and which takes into account Plaintiff's personal interest in ending litigation at this stage). (*Id.*)

The stage of the proceedings and amount of discovery completed ensured that the Parties made an informed decision to settle. "Plaintiff is fully apprised of his potential damages and liquidated damages were he to prevail." (*Id.*) "[T]he Parties jointly submit that there has been sufficient investigation and exchange of information to allow counsel . . . to evaluate the claims and defenses and make recommendations to each Party." (*Id.*)

The likelihood of Plaintiffs' success at trial counsels toward accepting the settlement agreement. The Parties explain "Plaintiff has been advised that, if he proceeds in this matter . . . . a jury may choose to credit Defendant's position, and that he may receive a lesser, or no, recovery." (*Id.*) The challenges faced by Plaintiff are real and counsel toward acceptance of the settlement agreement.

The scope of possible recovery supports accepting the settlement agreement. Serrano will receive $5,330.20. (Doc. 16 at 5). He "believes he is receiving all monies potentially due to him under the FLSA under the settlement." (*Id.*) "[T]his amount provides all possible relief for claims for unpaid compensation under the FLSA and Georgia law, as well as all liquidated damages potentially due." (Doc. 16-2 ¶ 4). "[T]he settlement amounts can be properly characterized as settlement 'without compromise.'" (*Id.*) Such recovery is sufficient to accept the agreement.

Finally, the opinions of Counsel support accepting the settlement agreement. "Absent fraud, collusion, or the like, the district court 'should be hesitant to substitute its own judgment for that of counsel.'" *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir.

3

2012) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). As previously established, the Court found neither fraud nor collusion in this case. Hence the Court will not substitute its own judgment for that of counsel. And "Parties stipulate that their Agreement is fair and reasonable." (16 at 5).

Counsel for both Parties have reviewed the agreement before the Court thoroughly; it is reasonable for both the Court and Counsel to conclude that Plaintiff would recover damages comparable to those he might have received at trial. Consequently, the Court finds that Plaintiffs' FLSA claim settlement is fair and reasonable.

### B. Attorney Fees

The Court finds the $4,000 in attorney fees and $660.8 in costs awarded to Plaintiff's Counsel within the settlement agreement is also fair. To encourage private enforcement, Congress created a fee-shifting provision in the FLSA which states: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). When a statute or rule of law permits an award of reasonable attorney fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988).

Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "*reasonable hourly rate*" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The burden is on the party seeking fees to produce "specific and detailed evidence" demonstrating the reasonableness of the requested amount. *Id.* at 1303. The burden to prove a reasonable hourly rate is not light. "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (quoting *Hensley*, 461 U.S. at 434, 437). So "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." *Id.*

The settlement agreement would award $4,660.80—to be paid by Overland—for counsel's work and costs expended. (Doc. 16). Counsel documents over 17 hours worked on this case, all of which appear reasonable. (Doc. 16-2 ¶ 12). Attorneys seek $4,000 in attorney fees, which "is approximately 50% of Plaintiffs' counsel's lodestar." (*Id.*) The Court finds the rate is reasonable.

Additionally, the hours spent and expenses are reasonable. Plaintiffs' Counsel lists specifically how their time was spent on this matter. These activities include "in person meeting with defense counsel, review of several pertinent documents, and preparation of filing documents." (*Id.*) The costs are for the court filing fee, mileage costs, and service of process. (*Id.* ¶ 5) All activities were of the kind a rational person in the private sector intent on vindicating similar rights would pay for their attorney to complete in furtherance of that goal. Therefore, the award of attorney fees and costs is fair and reasonable.

Accordingly, the Court finds the Parties' FLSA settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 16). Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** upon notice of payment of the settlement amount and attorney fees. Counsel shall immediately file written notice on the docket to notify accordingly. An order of dismissal will then be entered.

**SO ORDERED**, this 19th day of December, 2025.

       /s/ W. Louis Sands
       **W. LOUIS SANDS, SR. JUDGE**
       **UNITED STATES DISTRICT COURT**